# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

|  |  |
|---|---|
| **MARK S. MCFADDEN,** | )    **Case No.: 8:14-cv-01378-CEH-TGW** |
|           **Plaintiff,** | ) |
| **v.** | ) |
|  | )    **AFFIDAVIT OF ROBERT W. THUOTTE** |
| **DISCOVER BANK, ZWICKER &** | )    **IN SUPPORT OF DEFENDANTS' MOTION** |
| **ASSOCIATES, P.C., and** | )    **FOR SUMMARY JUDGMENT** |
| **EDUARDO A. CLARK,** | ) |
|  | ) |
|           **Defendants.** | ) |
|  | ) |

I, Robert W. Thuotte, Esq., counsel for Defendants in the above captioned action, on oath depose and state as follows:

1.      I am counsel of record for Defendants in this case and I have personal knowledge of the matters set forth herein.

2.      Attached hereto as Exhibit A is a photocopy which I have made of what I understand to be a certified copy of the Final Judgment in *Discover Bank v. Mark S. McFadden*, County Court in and for Pinellas County, Florida, Case No. 14-003370-SC, which I received in an envelope addressed to me a copy of which also is included in the exhibit and which has a return address, "Ken Burke, Clerk of the Circuit Court & Controller, Civil Court Records Department, 315 Court Street, Room 170, Clearwater, Pinellas County, Florida, 33756-5165."

3.      I have retained the original certified copy of the above-referenced Final Judgment and envelope and will promptly file same with the Court if the Court so directs.

4.      Attached hereto as Exhibit B are excerpts from the transcript of the deposition of Mark McFadden which I conducted in Tampa, Florida on May 6, 2015 at the offices of Esquire

Deposition Solutions.  I obtained the transcript from Cassie O. May, RPR and Notary Public, State of Florida, the court reporter who took down the testimony.

     5.      For the convenience of the Court, I have underlined the portions of the testimony cited in Defendants' Motion for Summary Judgment.

Signed under the penalties of perjury this 24th day of June, 2015.

_____
Robert W. Thuotte

## COMMONWEALTH OF MASSACHUSETTS

Essex, ss

On this \_24th\_ day of June, 2015, before me, the undersigned notary public, Melissa Parent, personally appeared and proved to me through satisfactory evidence of identification, which was my personal knowledge, to be the person whose name is signed on the preceding document, and acknowledged to me that he signed it voluntarily for its stated purpose.

_____
Notary Public
My Commission Expires  3|7|19


MELISSA L. PARENT
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
March 7, 2019

**EXHIBIT A**

I#: 2014337611 BK: 18612 PG: 767, 12/09/2014 at 09:36 AM, RECORDING
BURKE, CLERK OF COURT AND COMPTROLLER PINELLAS COUNTY, FL BY DEPUTY
CLKPR06

IN THE COUNTY COURT
IN AND FOR PINELLAS
COUNTY, FLORIDA

CASE NUMBER: 14-003370-SC
DIVISION:

DISCOVER BANK,

          Plaintiff,

vs.

MARK S. MCFADDEN,

          Defendant(s).

_____/

## FINAL JUDGMENT

    This cause came before the Court on Plaintiff's Motion for Summary Disposition. The Court having

heard argument of both parties and reviewed the proofs and pleadings in the court file, the Court finds that the

Defendant(s) is/are indebted to the Plaintiff. Accordingly, it is:

    ADJUDGED that the Plaintiff, DISCOVER BANK, recover from the Defendant(s), MARK S.

MCFADDEN, the sum of $3,446.86, together with court costs in the amount of $508.30. For all of the above,

let execution issue.

    DONE AND ORDERED at St. Petersburg, PINELLAS COUNTY, Florida this _15_ day of

_December_, 2014.

_____
JUDGE

Copies Furnished to:
Kristina Y. Lunsford, Esq.
Zwicker & Associates, P.C.
Attorneys for Plaintiff
10550 Deerwood Park Blvd
Bldg. 300, Ste. 300
Jacksonville, FL 32256

MARK S. MCFADDEN
Defendant
4245 118TH AVE N
CLEARWATER, FL 33762

DISCOVER BANK
6500 New Albany Road
New Albany, OH 43054

STATE OF FLORIDA - PINELLAS COUNTY
I hereby certify that the foregoing is
a true copy as the same appears among the
files and records of this court.
This ___ day of _April_, 20_15_
KEN BURKE
Clerk of Circuit Court

By: _____
Deputy Clerk

**KEN BURKE**
**CLERK OF THE CIRCUIT COURT**
**& COMPTROLLER**
CIVIL COURT RECORDS DEPARTMENT
315 COURT STREET, ROOM 170
CLEARWATER, PINELLAS COUNTY, FLORIDA
33756-5165

ROBERT THUOTTE
80 MINUTEMAN RD
ANDOVER, MA 01810

**EXHIBIT B**

Original Transcript

## In the Matter Of:

## MARK S. MCFADDEN VS. DISCOVER BANK

8:14-cv-01378-CEH-TGW

## MARK MCFADDEN

*May 06, 2015*



800.211.DEPO (3376)
EsquireSolutions.com

```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                    TAMPA DIVISION


 3
             CASE NO.: 8:14-cv-01378-CEH-TGW
 4

 5
   MARK S. MCFADDEN,
 6
          Plaintiff,
 7

 8
   Vs
 9
   DISCOVER BANK, ZWICKER &
10 ASSOCIATES, P.C., and
   EDUARDO A. CLARK,
11
          Defendants.
12
   _____/
13

14

15                   Deposition of
                     MARK MCFADDEN
16          TAKEN ON BEHALF OF DEFENDANT
                     PAGES 1-104
17

18             Wednesday, May 6, 2015
               9:17 a.m. - 12:59 p.m.
19
             Esquire Deposition Solutions
20            101 East Kennedy Boulevard
                    Suite 3350
21                 Tampa, Florida

22

23

24         Stenographically Reported By:
              CASSIE O. MAY, RPR
25         Registered Professional Reporter
```



MARK MCFADDEN                                              May 06, 2015
MARK S. MCFADDEN VS. DISCOVER BANK                                    2

```
 1                        APPEARANCES

 2

 3   On behalf of Plaintiff:

 4       MARK S. MCFADDEN, pro se
         4245 118th Avenue, North
 5       Clearwater, Florida  33762

 6

 7
     On behalf of Defendant:
 8
         ZWICKER & ASSOCIATES, P.C.
 9       Robert Thuotte
         80 Minuteman Road
10       Andover, Massachusetts  01810

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1                          INDEX

 2

 3     Deposition of:

 4     Mark McFadden

 5

 6     Examination by Mr. Thuotte                    5

 7

 8     Certificate of Oath                          100

 9     Certificate of Reporter                      101

10     Errata Sheet                                 102

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```



```
 1                         EXHIBIT INDEX

 2                                                       MAR
        Exhibit No.
 3       1        Notice of Deposition                    6

 4       2        Complaint                               6

 5       3        Florida Department of State doc        10

 6       4        Certified copy of judgment             17

 7       5        Summary Disposition for Plaintiff      19

 8       6        letter dated 3/12/14                   22

 9       7        cover letter dated 4/9/14 with attachments   26

10       8        letter dated 4/15/14                   39

11       9        Statement of Claim                     30

12      10        Return of Service                      31

13      11        73 pages of documents                  34

14      12        copy of check 2765, front and back     57

15      13        copy of check 2148, front and back     76

16      14        Discover card document                 77

17      15        Application for Discover               75

18      16        Defendant's Answer to Complaint        81

19      17        cover letter dated 4/0/14, 32 pages     94

20           Reporter's Note:  Seventeen (17) exhibits marked
        and attached to original transcript.
21

22

23

24

25
```



```
 1              Deposition taken before Cassie O. May,

 2   Registered Professional Reporter and Notary Public in

 3   and for the State of Florida at Large, in the above

 4   cause.

 5                          * * * * *

 6              THE COURT REPORTER:  Do you solemnly

 7          swear or affirm that the testimony you are

 8          about to give will be the truth, the whole

 9          truth, and nothing but the truth?

10              THE WITNESS:  I do.

11   THEREUPON,

12                      MARK MCFADDEN,

13      having been first duly sworn, was examined and

14   testified as follows:

15                       EXAMINATION

16   BY MR. THUOTTE:

17      Q.    Good morning, Mr. McFadden.

18      A.    Good morning, Bob.

19      Q.    Could you please identify the person who is

20   sitting next to you and who I have agreed is free to

21   sit in on the deposition.

22      A.    That's my stepmother.  Her name is Judith

23   Pettit.

24      Q.    Could you spell her last name for the

25   reporter, please.
```



```
 1        A.    P-E-T-T-I-T.

 2              (Exhibit No. 1 marked for

 3        identification)

 4   BY MR. THUOTTE:

 5        Q.    I am putting in front of you now Exhibit No. 1

 6   to this deposition, which is entitled notice of

 7   deposition to Mark S. McFadden with an address below it

 8   and so forth.  Could you please look at that for a

 9   minute and tell me when you are done reading.

10        A.    Okay.  I am done reading.

11        Q.    Did you receive a copy of that deposition

12   notice before today?

13        A.    Yes.

14        Q.    Where were you when you received it?

15        A.    Well, it was mailed to me, to 118th Avenue.

16        Q.    Specifically, was it -- did you receive it at

17   4245 118th Avenue North Clearwater, Florida 33762?

18        A.    Correct.

19        Q.    You understand that the reason why we are here

20   today is that I will conduct a deposition pursuant to

21   this notice and also pursuant to the rules of procedure

22   of the federal courts?

23        A.    Okay.

24              (Exhibit No. 2 marked for

25        identification)
```

1     Q.   The complaint is styled with the plaintiff's

2   name Mark S. McFadden, and that is you, right?

3     A.   Uh-huh.

4     Q.   And what is -- please answer with a yes or a

5   no or something else, in other words, with a word,

6   because -- and the reporter will certainly correct me

7   if I'm wrong, it's hard to take down precisely a

8   response that consists of an uh-huh or huh-uh or

9   something like that.

10    A.   Okay.

11    Q.   What is your middle name?

12    A.   Shawn.

13    Q.   How do you spell that, please?

14    A.   S-H-A-W-N.

15    Q.   What is your residential address?

16    A.   6070 66th Avenue North, Pinellas Park, Florida

17  33781.

18    Q.   For approximately how long have you lived at

19  that address?

20    A.   Probably a little over 20 years.

21    Q.   Is that a residence which you own?

22    A.   Yes.

23    Q.   Do you own it alone or with someone else?

24    A.   By myself.

25    Q.   What is your work or business address?

1        A.     4245 118th Avenue North, Clearwater, Florida

2   33762.

3        Q.     For how many consecutive years has 4245 118th

4   Avenue North in Clearwater been your business address?

5        A.     Probably a little over 30 years.

6        Q.     What is the name of the business that you

7   currently operate at that address?

8        A.     Mark's Auto Sales and Service.

9        Q.     Now, is that the name of the business on file

10  in the State of Florida with the secretary of state?

11       A.     Yes.

12                (Exhibit No. 3 marked for

13          identification)

14  BY MR. THUOTTE:

15       Q.     I am now going to put in front of you Exhibit

16  No. 3, and I will ask you to look through it, please,

17  and tell me when you are done.

18       A.     Okay.  I'm done.

19       Q.     Thank you.  Do you believe that the -- well,

20  let me start again.

21       The first page of Exhibit No. 3 says Florida

22  Department of State Division of Corporations, and then

23  below it, Detail by Entity Name, and then underlined,

24  Florida Limited Liability Company?

25       A.     Uh-huh.



1    Q.    Beneath that, the name Marks, M-A-R-K-S, Auto

2  Sales, LLC?

3    A.    Uh-huh.

4    Q.    Is that the name of your business that has

5  been registered with the Florida Department of State

6  Division of Corporations?

7    A.    No.

8    Q.    Do you believe that this Exhibit No. 3 is not

9  a copy of --

10   A.    I believe that I did that, but we never put

11  that into effect because there was some other problems

12  that would involve my dealer's license, so we never

13  continued on with that.  So, I am a sole proprietor and

14  always have been.  We never completed that.

15   Q.    Are you saying then that Mark's Auto Sales is

16  not organized as a limited liability corporation?

17   A.    No, it is not.

18   Q.    It is organized as a sole proprietorship?

19   A.    That is correct.

20   Q.    And you are the owner of it, the sole owner?

21   A.    That is correct.

22   Q.    Is it correct then that even though -- and I

23  represent to you that my firm obtained the documents in

24  Exhibit 3 on the website of the Florida Department of

25  State Division of Corporations --



1      A.    Uh-huh.

2      Q.    As I understand what you are saying, these

3   documents do not apply to your business at the present

4   time?

5      A.    They do not.

6      Q.    Thank you.  The name of your business is

7   Mark's Auto Sales; is that the complete name?

8      A.    Originally, it was Mark's Auto Sales and

9   Service.

10     Q.    What is the nature of the firm's business?

11     A.    Buying and selling cars and repairing cars.

12     Q.    Has your company's business basically remained

13   the same over the years that you have operated it?

14     A.    Correct.

15     Q.    I understand that Mark's Auto Sales has been

16   located at 4245 118th Avenue North in Clearwater for

17   approximately how many years?

18     A.    Somewhere in the 70s, we opened up.

19     Q.    I don't mean to make you wait, but what I try

20   to do when I'm taking a deposition is, if the person I

21   am speaking with provides information, when they do, I

22   try to go into my outline and delete the questions

23   about that, in other words, to shorten the deposition.

24   I want to try hard not to ask you the same question

25   twice, and if I do, please feel free to point that out



1   when you opened the Discover account, right?

2       A.    That's what you are claiming, right.

3       Q.    No.   I'm asking you if that's correct.

4       A.    Discover claims I opened this in 2005.   I

5   asked for validation of the debt, which I did not

6   receive the complete validation.   Regardless of that,

7   this was never entered into small-claims court.

8       Q.    I know you keep using the phrase entered into

9   small-claims court, but I have never contended that any

10  particular document was entered in the small-claims

11  court, if entered means the document was filed with the

12  court.   That is not an issue or a question that I am

13  raising.

14      A.    Then what are we here for because, from what I

15  understand, what the lawsuit is about is how the

16  judgment was obtained.   It was obtained with incomplete

17  and/or false documents.

18      Q.    Would you agree with me, and I am looking at

19  this document and I am going to point out some entries

20  to you, again, the third page of Exhibit No. 7 to this

21  deposition.   Would you agree that in the top right hand

22  corner of the document which is on this page, it is

23  printed Mark S. McFadden, 6070 66th Avenue, Pinellas

24  Park, Florida 33781-5300?

25      A.    Yes, I agree with that.



MARK MCFADDEN
MARK S. MCFADDEN VS. DISCOVER BANK

1    Q.    Would you agree with me that in February of

2  2005, that was your residential address?

3    A.    Yes.

4    Q.    Do you see several lines below that, and I am

5  pointing in the document, it says invitation?  Do you

6  see that reference?

7    A.    Yes.

8    Q.    And you see at the bottom -- well, below that,

9  there is initial credit and a number where I have just

10  pointed.  Do you see that?

11    A.    Yes, uh-huh.

12    Q.    Do you see that it says reply by March 15,

13  2005?

14    A.    Yes.

15    Q.    Now, going over to the left hand side of the

16  document, there is a phone number which ends in 0482?

17    A.    That's correct.

18    Q.    Was that a phone number that belonged to you

19  in 2005?

20    A.    Yes.

21    Q.    Was that a residential number or a number for

22  Mark's Auto Sales?

23    A.    Residential.

24    Q.    Looking immediately below that, phone number,

25  and that phone number was hand printed, right?

 1      A.   Correct.

 2      Q.   Do you recognize that hand printing as your

 3  own?

 4      A.   No, but --

 5      Q.   You don't know whose hand printing that was?

 6      A.   No.

 7      Q.   Immediately below that entry, do you see the

 8  typed entry mother's maiden name?

 9      A.   Yes.

10      Q.   Below that is the hand printed name Boyd,

11  B-O-Y-D?

12      A.   Correct.

13      Q.   Was Boyd your mother's maiden name?

14      A.   Yes.

15      Q.   Do you have an explanation as to how some

16  other person could have obtained your mother's maiden

17  name and put it on this document?

18      A.   Anybody could run that up, but that's -- you

19  know, anybody can find that kind of information out.

20      Q.   Is it your position, by the way, that someone

21  other than you filled out, signed, and dated this

22  document?

23      A.   You asked me if I recalled signing that or

24  seeing that before in 2005, and I don't.  I don't

25  recall that far back.



1      Q.    I just asked you a different question.  Is it

2  your position that some person other than you filled

3  out this document entitled apply for Discover card and

4  signed it and dated it?  Are you saying that someone

5  other than you did that?

6      A.    If I can't recall doing it, how am I supposed

7  to answer that?

8      Q.    Well, did you ever report to law enforcement

9  that someone fraudulently filled out --

10     A.    No.

11     Q.    I'm sorry.  Let me finish the question,

12 please.

13     Did you ever report to law enforcement that someone

14 fraudulently obtained a Discover credit card in your

15 name?

16     A.    No.  How does that apply to how you obtained

17 the judgment?  This information was not entered into

18 the courts.

19     Q.    Could you tell me, please, continuing down the

20 left hand side of the document, which is the third page

21 of Deposition Exhibit No. 7, it says, printed,

22 employer, Mark's Auto Sales.  It is correct that you

23 were the owner and operator of Mark's Auto Sales in,

24 2005, correct?

25     A.    Correct.



1       Q.      Immediately below that it says employer's

2    city, state, zip, again, printed information, and there

3    is hand printed 4245 118th Avenue N, period, CLW,

4    Florida 33762.   That was the correct address of Mark's

5    Auto Sales in 2005?

6       A.      Correct.

7       Q.      Next to that it says occupation, car sales.

8    Was your occupation car sales in 2005?

9       A.      Yes, it was.

10      Q.      And where it says to the right of that,

11   printed, how long, question mark, and hand printed 25

12   years, had you been in car sales for about 25 years as

13   of 2005?

14      A.      Yeah, approximately, yeah.

15      Q.      Going back to the left hand side of the

16   document, about halfway down, a third of the way down,

17   pardon me, printed, by which I mean typed, work phone,

18   and then there is a number that ends in 0354.   Was that

19   a telephone number assigned to Mark's Auto Sales in

20   2005?

21      A.      Correct.

22      Q.      Immediately below that where it is checked off

23   yes to the printed question, are you a US citizen or a

24   permanent US resident, is it correct that as of 2005

25   you were a US citizen?



1    A.    Correct.

2    Q.    Going down below that, the printed text,

3  length of time at present address, and then hand

4  printed, 13 years, is that approximately how long you

5  had been living at the Pinellas Park address as of

6  2005?

7    A.    Approximately, yes.

8    Q.    Now, going up to the middle of the document,

9  it says Social Security number, and there is a number

10  hand printed out there, and I am not going to read any

11  part of the number into the record.

12    A.    Uh-huh.

13    Q.    The hand printed number, was that your Social

14  Security number?

15    A.    Yes, it is.

16    Q.    It was, in 2005, right?

17    A.    Yes.

18    Q.    And immediately below that, the date of birth,

19  hand printed, is that your date of birth?

20    A.    No, it's not.

21    Q.    What's wrong about that number?

22    A.    I was born on the 10th, not the 11.

23    Q.    But the month and the year are the same?

24    A.    Correct.

25    Q.    Below occupation in the document, your annual

1  salary plus bonus, and then there is a hand printed

2  number written in there?

3       A.   Yes.

4       Q.   Was that number approximately correct in terms

5  of your annual salary plus bonus in 2005?

6       A.   I have no idea.

7       Q.   Where it says other household income and a

8  number, again, the number being hand printed, was that

9  number basically accurate in terms of other income --

10      A.   I have no idea.

11      Q.   -- coming into your household --

12      A.   No idea.

13      Q.   -- in 2005?  Were you married in 2005?

14      A.   Yes.

15      Q.   What's the first name of your spouse?

16      A.   Cindy.

17      Q.   Was Cindy employed in 2005?

18      A.   I don't remember.

19      Q.   Was Cindy ever employed over the time when the

20  two of you were married?

21      A.   You know, I don't think so, not that I can

22  recall.

23      Q.   Would you please look -- I am pointing about

24  halfway down the left hand side of this document, the

25  printed text, monthly housing payment, and there is a



MARK MCFADDEN
MARK S. MCFADDEN VS. DISCOVER BANK

May 06, 2015
56

1   number there, $2,005.  Did you have a monthly housing

2   payment of approximately that amount in 2005?

3       A.   Yes.

4       Q.   Going across horizontally on the document to

5   the printed text, do you have a savings account,

6   wherein there is a hand printed checkmark.  Did you

7   have a savings account in 2005?

8       A.   I don't recall.  It's too far back.

9       Q.   Going further to the right where it says,

10  printed, checking account, and there is a hand printed

11  checkmark, did you have a checking account in 2005?

12      A.   Yes, I did.

13      Q.   At any time did you make any payments toward a

14  balance on a Discover credit card account?

15      A.   I don't recall that.

16      Q.   Do you recall whether you authorized or

17  directed any person to make payments on a Discover

18  credit card account in your name?

19      A.   I can't recall that.  It's -- 2005 is just too

20  long ago.

21      Q.   Well, I am talking about at any time going

22  forward from 2005.

23      A.   No, I do not recall.

24      Q.   At any time going forward from 2005, has

25  Mark's Auto Sales had a checking account?



```
 1                    CERTIFICATE OF OATH

 2

 3   STATE OF FLORIDA

 4   COUNTY OF DADE

 5

 6        I, the undersigned authority, certify that the

 7   aforementioned witness, MARK MCFADDEN, personally

 8   appeared before me on the 6th day of May, 2015, and was

 9   duly sworn.

10

11        WITNESS my hand and official seal this 8th day

12   of May, 2015.

13

14

15

16

17        _____

18        CASSIE O. MAY, RPR
          Notary Public, State of Florida
19        My Commission Expires 4/23/2017
          My Commission No. FF11194
20

21

22

23

24

25
```



MARK MCFADDEN                                                    May 06, 2015
MARK S. MCFADDEN VS. DISCOVER BANK                                      101

1                    CERTIFICATE OF REPORTER

2

3   STATE OF FLORIDA

4   COUNTY OF DADE

5

6        I, Cassie O. May, Registered Professional Reporter,
    do hereby certify that I was authorized to and did
7   stenographically report the foregoing deposition in
    stenotype; and that the foregoing pages, numbered from
8   1 to 99, inclusive, are a true and correct
    transcription of my shorthand notes of said deposition.
9
         I further certify that said deposition was taken at
10  the time and place hereinabove set forth and that the
    taking of said deposition was commenced and completed
11  as hereinabove set out.
         I further certify that I am not an attorney or
12  counsel of any of the parties, nor am I a relative or
    employee of attorney or counsel of party connected with
13  the action, nor am I financially interested in the
    action.
14       The foregoing certification of this transcript does
    not apply to any reproduction of the same by any means
15  unless under the direct control and/or direction of the
    certifying reporter.
16
         IN WITNESS WHEREOF, I have hereunto set my hand
17  this 8th day of May, 2015.

18

19                    _Comay_

20

21

22       _____
         Cassie O. May, RPR

23

24

25



800.211.DEPO (3376)
EsquireSolutions.com